KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| German Togoev, | No. CV-25-01960-PHX-GMS (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| United States Attorney General, et al., | |
| Defendants. | |

Plaintiff German Togoev, who is represented by counsel and has paid the filing fee, filed a Petition for Writ of Mandamus (Doc. 1) and Emergency Motion for Stay of Removal (Doc. 2). The Court will grant the Emergency Motion for Stay of Removal and order Defendants to answer the Petition.

**I.     Petition**

Plaintiff is a native and citizen of Russia who entered the United States on February 14, 2025. Upon entry, Plaintiff expressed to officers of the Department of Homeland Security his intent to seek asylum in the United States because of his fear of returning to his home country. Plaintiff contends he should have been referred to the United States Citizenship and Immigration Services (USCIS) for a credible fear screening pursuant to 8 C.F.R. § 235.3, but he was informed he would be removed from the United States without a full asylum credible fear screening. (Doc. 1 at 5.) Plaintiff contends that when his deportation officer was "asked to comply with US immigration law, the deportation officer refused to refer Plaintiff for a credible fear screening, and provided only a Convention

Against Torture screening." (*Id.* at 6.) Plaintiff argues the deportation officer's "reliance upon [Immigration and Nationality Act (INA)] § 212(f) to summarily deport Plaintiff is at best a misunderstanding of the law or, at worst, a malicious attempt to extrajudicially deport Plaintiff from the United States before he can avail himself of the legal protections under the law that he is entitled to." (*Id.* at 7.) Plaintiff further contends "INA § 212(f) does not allow a president to interfere with or subvert other parts of the INA or other federal laws." (*Id.*)

Plaintiff seeks (1) declaratory relief; (2) a "preliminary and permanent injunction pursuant to 28 U.S.C. § 1361 and 5 U.S.C. § 706(a) compelling Defendants to refer, schedule, and provide Plaintiff with a credible fear screening"; (3) a "writ of mandamus or in the nature of mandamus, pursuant to 28 U.S.C. § 1361, 28 U.S.C. § 1651, and/or 5 U.S.C. § 706(1), compelling Defendants to refer, schedule, and provide Plaintiff with a credible fear screening"; and (4) attorney's fees and costs. (*Id.* at 9.)

## II. Motion for Emergency Stay of Removal

In the Ninth Circuit, "a [plaintiff] seeking a stay of removal must show that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the [plaintiff's] favor." *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (discussing application of *Nken v. Holder*, 556 U.S. 418, 444 (2009)); *see also Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).[1]

In his Motion for Emergency Stay of Removal, Plaintiff seeks an order staying his removal pending resolution of his Petition for Writ of Mandamus. Plaintiff asserts he is

---

[1] Where a party "can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the [party]'s favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)). Under this Ninth Circuit "serious questions" test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

likely to succeed on the merits of his mandamus petition (Doc. 2 at 4); would suffer irreparable harm in the absence of a stay (*Id.* at 5); the public interest does not weigh heavily against a stay due to Plaintiff's absence of a criminal history and because Plaintiff poses no threat to the community (*Id.* at 6); and potential harm to Plaintiff outweighs any perceived harm or inconvenience to the Government if a stay is not granted. (*Id.*)

In the interests of justice, the Court finds it necessary to issue a temporary stay of removal. Plaintiff alleges immigration officials have denied him a credible fear screening for the purposes of seeking asylum under "INA §212(f)." On January 20, 2025, President Donald Trump issued Proclamation 10888, "Guaranteeing the States Protection Against Invasion." In that Proclamation, the President declared that the entry of (1) "any alien who fails, before entering the United States, to provide Federal officials with sufficient medical information and reliable criminal history and background information" and (2) "aliens engaged in the invasion across the southern border" are "detrimental to the interests of the United States." 90 Fed. Reg. at 8335. The President directed "that entry into the United States of such aliens be suspended." *Id.* In addition to suspending entry of such aliens, the President "restrict[ed] their access to provisions of the INA that would permit their continued presence in the United States, including, but not limited to, section 208 of the INA, 8 U.S.C. § 1158," *id.*, which provides the right to claim asylum.

In granting a preliminary injunction to another mandamus plaintiff, the Court recently determined that "[t]he Proclamation [] likely lacks any statutory or constitutional authority and, resultingly, does not prevent Plaintiff from pursuing a final determination on her asylum claim." *Fatemeh Tabatabaeifar, v. Kika Scott, et al.*, CV-25-01238-PHX-GMS (MTM), 2025 WL 1397114, at *9 (D. Ariz. May 14, 2025). More specifically, that Court stated:

> The Supreme Court has made clear that "the President may not override particular provisions of the INA through the power granted to him in § 1182(f)." *East Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 760 (9th Cir. 2018). By "restricting" certain aliens from accessing the "provisions of the INA . . . including, but not limited to [Section] 1158," 90 Fed. Reg. at

> 8335, the President, through the express terms of the Proclamation, unlawfully "override[s] particular provisions of the INA." *See Trump v. Hawaii*, 585 U.S. 667, 689 (2018); *Nat'l Ass'n of Mfr. v. U.S. Dep't of Homeland Sec.*, 491 F.Supp.3d 564, 566 (N.D. Cal. 2020) (holding at the preliminary injunction stage "that the issuance of [a presidential proclamation pursuant to Section 1182(f)] is invalid based on the finding that it unlawfully eviscerates portions of the INA").
>
> And, similar to the proclamation in *East Bay Sanctuary Covenant*, this Proclamation's restriction on "access to provisions of the INA that would permit their continued presence in the United States," 90 Fed. Reg. at 8335, is not a valid "exercise of the President's authority under § 1182(f) because it does not concern the suspension of entry or otherwise 'impose on the entry of aliens . . . restrictions [the President] deem[s] to be appropriate.'" *See* 932 F.3d at 773 (quoting 8 U.S.C. § 1182(f)). The plain language of Section 1182(f) does not mention or reference asylum, much less delegate any authority to restrict access to asylum, as provided by Congress in Section 1158(a)(1). By granting the President broad power to restrict entry into the United States, Congress did not grant the President any power to restrict an alien's right to request asylum. Because, in delegating to the President the power to restrict the entry of aliens under Section 1182(f), "Congress did not delegate authority to eviscerate portions of the statute in which the Congressional delegation of power was made." *Nat'l Ass'n of Mfr.*, 491 F.Supp.3d at 564.

*Tabatabaeifar*, CV-25-01238-PHX-GMS (MTM), 2025 WL 1397114, at *6 (D. Ariz. May 14, 2025) (internal citations expanded).

The same reasoning applies to this case. Because removal would deprive Plaintiff of his right to seek asylum, Plaintiff has adequately alleged it is probable that he would suffer irreparable harm absent a stay. He has also shown he has a substantial case on the merits, without prejudice to Defendants demonstrating the contrary. Lastly, the balance of hardships tips sharply in Plaintiff's favor. A stay will maintain the status quo until Defendants have had an opportunity to brief the Petition and will facilitate a considered

review of the parties' arguments by the Court and a reasoned decision on the issues presented.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Emergency Stay of Removal (Doc. 2) is **granted**. Defendants are **enjoined** from removing Plaintiff German Togoev (A# 221-181-412) from the United States pending further order of this Court. Plaintiff's request for a Preliminary Injunction remains pending.

(2) In light of *Tabatabaeifar v. Scott*, No. CV-25-01238, 2025 WL 1397114 (D. Ariz. May 14, 2025) and *Davtyan v. U.S. Att'y Gen., et al.*, No. CV-25-01826 (D. Ariz. May 28, 2025), the United States is temporarily restrained from depriving those who have claimed asylum of their statutory and regulatory rights associated with asylum, such as the right to a credible fear determination and an immigration judge's review under 8 C.F.R. § 208.30 and 8 U.S.C. § 1225(b)(1)(B)(iii)(III) for the next 14 days throughout the jurisdiction of the United States District Court for the District of Arizona. In addition to briefing this petition, the parties shall brief whether a jurisdictionwide or nationwide preliminary injunction should issue.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and a copy of Plaintiff's Petition and Motion (Docs. 1 and 2) to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov and Bill Solomon at william.solomon@usdoj.gov.

(4) Counsel for Plaintiff must immediately serve the Petition and Motion upon Counsel for Defendants.

(5) Counsel for Defendants must file a response to Plaintiff's request for a preliminary injunction no later than **Friday, June 13, 2025**. Plaintiff may file a Reply no later than **Monday, June 16, 2025**.

Dated this 6th day of June, 2025.

_____
G. Murray Snow
Senior United States District Judge